## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**VP, LLC,**                                                          **CIVIL ACTION**
        **Plaintiff**

**VERSUS**                                                           **No. 11-2813**

**NEWMAR CORPORATION,et al.,**                                        **SECTION "E"**
        **Defendants**

### ORDER AND REASONS

Before the Court are two motions: (1) a "Motion to Transfer Pursuant to 28 U.S.C.

§ 1404" filed by defendant Newmar Corporation ("Newmar");[1] and (2) a "Motion to

Dismiss Under FED. R. CIV. P. 12(b)(1), 12(b)(6), 12(b)(3) or Alternatively to Transfer

Venue Under 28 U.S.C. § 1404(a)" filed by defendant Spartan Chassis, Inc. ("Spartan").[2]

For the reasons set forth below, the motions to transfer are denied.  Spartan's Rule

12(b)(3) motion to dismiss on the basis of improper venue is denied.  The Court denies

Spartan's 12(b)(1) and 12(b)(6) motion, to the extent it has been presented to the Court

as a motion to dismiss, treats Spartan's motion to dismiss as a motion for summary

judgment based on a binding arbitration agreement, and defers ruling until the parties

provide additional support as set forth herein.

### BACKGROUND

Vincent Palumbo is the sole member of VP, LLC ("VP"), a Montana limited

liability corporation.[3]  On August 7, 2009, VP purchased a 2008 Newmar Essex Pusher

Motor Home Recreational Vehicle (the "RV") from North Trail RV Center in Fort Myers,

---

[1] R. Doc. 10.

[2] R. Doc. 12.

[3] R. Doc. 1.  Though VP was formed in Montana, its sole member is a domiciliary of Louisiana,
and therefore VP is a citizen of Louisiana for jurisdictional purposes.  *Harvey v. Grey Wolf Drilling Co.*,
542 F.3d 1077, 78-79 (5th Cir. 2008).

Florida.[4]   VP then relocated the RV to New Orleans, Louisiana.   After experiencing several problems with the RV, VP learned that the RV was built on a chassis system constructed by Spartan in Michigan, and that the construction of the RV was completed by Newmar in Indiana.   Palumbo took the RV to several repair stations throughout Louisiana, including Dixie RV, an authorized Newmar dealership and service center and authorized Spartan service center in Hammond, Louisiana, and Big Wheels, an authorized Spartan dealership in Hammond, Louisiana. Both Newmar and Spartan also dispatched factory mechanics to Louisiana to work on the vehicle on several occasions.[5] Despite repeated repair attempts by Newmar and Spartan, malfunctions continued to occur.[6]   VP then initiated voluntary mediation in Florida under Florida's "Lemon Law" Statute.[7]

This mediation effort proved unsuccessful, and VP filed suit against Newmar and Spartan in the Eastern District of Louisiana.   VP alleges that venue is proper in this district.[8]   Spartan moves to dismiss VP's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and under the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.*, claiming that VP is bound by a binding arbitration agreement to arbitrate its claims against Spartan.   Alternatively, Spartan moves to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).   In the further alternative, Spartan moves for a transfer of venue under 28 U.S.C. § 1404 on the basis

---

[4] *Id.*

[5] R. Doc. 1.

[6] *Id.*

[7] R. Doc. 15.

[8] R. Doc. 15.

that this Court is an inconvenient venue.[9]   Newmar also moves to have the suit transferred under 28 U.S.C. § 1404.[10] VP opposes the transfer of this action.[11]   VP also opposes the outright dismissal of this case, arguing that it never agreed to binding arbitration and that venue in this district is proper.[12]

## ANALYSIS

### I.  The Federal Arbitration Act and Spartan's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6)

Because Spartan's motion to dismiss pursuant to the FAA questions this Court's jurisdiction, the Court will consider that aspect of Spartan's motion before considering the venue arguments raised by Spartan and by Newmar.

### A.  Arguments of the Parties

Spartan argues that, by virtue of the arbitration clause contained in its limited warranty (the "Spartan Limited Warranty"), VP agreed to submit "any claim or controversy arising out of or relating to this limited warranty, or breach thereof" to the American Arbitration Association in Michigan.[13]   Spartan argues that VP's breach of warranty claims "plainly" fall within the scope of the Spartan Limited Warranty,[14] and thus that this case should be dismissed in favor of arbitration, pursuant to Federal Rule of Civil Procedure 12(b)(1), because this Court lacks jurisdiction over VP's claim, and

---

[9] R. Doc. 12.

[10] *See* R. Doc. 10.

[11] R. Doc. 15; R. Doc. 16.

[12] *Id.*

[13] *See* R. Doc. 12-6.

[14] Spartan also argues that VP's redhibition claim is subject to arbitration.

Rule 12(b)(6), because VP's claim fails to state a cause of action upon which relief can be granted.

VP argues that its claims should not be dismissed based on the existence of a binding arbitration clause because the only Spartan warranty VP saw – the "Spartan Chassis Limited Warranty" - did not contain a valid arbitration clause.  VP also argues that it never explicitly agreed to arbitration by written contract, and thus any mention of arbitration in the Spartan Limited Warranty cannot be considered a valid arbitration clause.  Furthermore, VP argues it did not agree to arbitration by registering its RV because the warranty registration form does not contain an arbitration provision and does not refer to the Spartan Limited Warranty document attached to Spartan's motion to dismiss.  VP points out that the registration form references only the Spartan Chassis Limited Warranty, which is available on Spartan's website but that this document does not include an arbitration clause.  VP contends that it had not seen the Spartan Limited Warranty document attached to Spartan's motion to dismiss until Spartan's motion was filed, and thus that no valid arbitration agreement could have been confected at the time of the purchase.

In reply, Spartan argues that VP attached the Spartan Limited Warranty to its pleadings filed under the Florida Lemon Law, and that VP's claim in this case is that Newmar and Spartan breached their respective warranties, thus bringing into play the Spartan Limited Warranty.  Spartan also argues it is disingenuous for VP to argue it did not know the Spartan Limited Warranty contained an arbitration clause because it is clear the document on Spartan's website was not the warranty itself.  Further, Spartan argues that, although an arbitration agreement does not have to be signed to be valid,

4

VP did sign the agreement in this case, and that any ambiguities in the agreement should be resolved in favor of arbitration.

In sur-reply, VP argues that it has not sought and does not seek relief under the Spartan Limited Warranty.  VP argues the fact that the Spartan Limited Warranty was attached to its complaint in the Florida action is irrelevant to its claims in this Court.  VP also argues that its redhibition claims do not arise under any Spartan Limited Warranty. Finally, VP argues that the presumption in favor of arbitration mentioned by Spartan does not apply when there is no valid arbitration agreement.  VP contends that there is no applicable arbitration agreement, signed or unsigned, in this case.

### B.  Standard of Review

Spartan has moved to dismiss VP's claims under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof once a Rule 12(b)(1) motion has been filed is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001).  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *In re Katrina Canal Breaches Consol. Litigation*, No. 0-4182, 2008 WL 4449970, at *3 (E.D. La. Sept. 29, 2008) (Duval, J.) (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

Some courts have found that a motion to dismiss based on an arbitration provision is generally more appropriately filed "under Rule 12(b)(6), because the existence of a valid arbitration clause does not technically deprive the Court of subject matter jurisdiction." *Moore v. Ferrellgas, Inc.,* 533 F. Supp. 2d 740, 744 (W.D. Mich.

2008) (quoting *Liveware Publ'g, Inc. v. Best Software, Inc.,* 252 F. Supp. 2d 74, 78 (D. Del. 2003)).  Instead, "[a]n arbitration agreement 'requires the Court to forego [sic] the exercise of jurisdiction in deference to the parties' contractual agreement to address in another forum those disputes which fall within the scope of the agreement to arbitrate.'" *Id.*

   That said, the Court finds that analyzing Spartan's motion to dismiss under Rule 12(b)(6) is inappropriate.  Spartan has attached to its motion numerous affidavits and other documents which are neither referred to, nor incorporated by reference into, VP's complaint.  In this situation, Rule 12(d) requires the Court deny Spartan's motion – to the extent it is presented as a motion to dismiss – and treat it instead as a motion for summary judgment under Rule 56.[15]  *See* FED. R. CIV. P. 12(d).

### C.  Spartan's Motion is Not Yet Ripe for Review

   When converting a motion to dismiss to a motion for summary judgment under Rule 12(d), the Court must give the parties ample opportunity to present argument and summary judgment evidence.  While the Court is satisfied that the parties have conducted sufficient discovery on the issue of arbitration, the Court is not satisfied that VP and Spartan have had ample opportunity to argue their positions and support those positions with specific references to competent summary judgment evidence.  The parties' briefs, which were drafted in support of and opposition to the motion to dismiss, fail to address the issues under the correct standard of review, and the briefing often "fails to properly support an assertion of fact or fails to properly address another party's

---

[15] Spartan's motion may be appropriately characterized as a motion to compel arbitration, but because "motions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment," the determination of which turns on whether the court must consider documents outside the pleadings, the Court treats Spartan's motion as a motion for summary judgment. *See Shaffer v. ACS Gov't Servs., Inc.,* 321 F. Supp. 2d 682, 683–84 (D. Md. 2004).

assertion of fact." *See* FED. R. CIV. P. 56(e).  The parties also may not have attached all the relevant documents and exhibits they would have attached if they had known this motion would be treated as a motion for summary judgment. Accordingly, pursuant to Rule 56(e)(1), the Court will allow the parties an opportunity to properly support their arguments and factual assertions and address the arguments and factual assertions raised by opposing counsel.  The Court finds that supplemental briefing is appropriate on the issue of whether this action should proceed, in part or on all counts, through arbitration, or should proceed on all counts in this Court.

The Court hereby orders Spartan to file a supplemental motion for summary judgment on or before December 21, 2012.  Spartan shall set forth any arguments, and attach all summary judgment evidence it deems appropriate, including affidavits, proving there are no genuine issues of material fact with respect to the applicability of an arbitration agreement between VP and Spartan.  Pursuant to Local Rule 56.1, Spartan's supplemental motion shall be accompanied by a separate and concise statement of the material facts it contends present no genuine issue.  VP will then be given an opportunity to respond in kind, attaching all summary judgment evidence, including affidavits, it believes establish genuine issues of material fact with respect to the applicability of an arbitration agreement.  Pursuant to Local Rule 56.2, VP's opposition must include a separate and concise statement of the material facts in dispute.  VP's response will be due on or before January 11, 2013.  The Court will not entertain any further motion practice on this issue after these two pleadings, with exhibits and attachments, are filed.

For these reasons, the Court denies Spartan's motion to the extent it has been presented to the Court as a motion to dismiss, converts that motion to a motion for summary judgment, and defers ruling until additional briefing is received.

## II.  28 U.S.C. § 1391 and Spartan's Motion to Dismiss under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a)

Spartan has filed a Rule 12(b)(3) motion to dismiss this case on the grounds that it was filed in an improper venue.  Rule of Civil Procedure 12(b)(3) provides that a party may move to dismiss a complaint filed in an improper venue.  28 U.S.C. § 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The 2010 version of 28 U.S.C. § 1391 governs the venue of civil actions commenced in the district courts of the United States prior to January 6, 2012.[16]  28 U.S.C. § 1404 provides for transfer of an action within the federal system to another federal venue where the action could have been brought.  "The determination of whether § 1406 or § 1404(a) applies turns on whether venue is proper in the court in which the suit was originally filed. If venue is improper in that court, then § 1406 or Rule 12(b)(3) applies. If venue is proper in that court, then § 1404(a) applies."  *In re Atl. Marine Const. Co., Inc.*, --- F.3d ---, 2012 WL 5835832, at *2 (5th Cir. 2012).

---

[16] §1391 was modified by the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Pub. L. No. 112–63, 125 Stat. 758. These changes, however, apply only to actions commenced on or after January 6, 2012. *See id.* § 205, 125 Stat. at 764.  Because this diversity action commenced on November 11, 2011, the 2010 version of § 1391 remains applicable, and this Court analyzes Spartan's motion under that version, which contained separate venue rules for diversity cases: "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a) (2010).

Under former 28 U.S.C. § 1391(a), a plaintiff in a diversity case has three options to choose from in deciding where to lay venue for its claim.  The Court will analyze these three options in turn and determine whether there is venue for this case in the Eastern District of Louisiana, and, if so, whether the case should nevertheless be transferred to another more convenient venue.

### A.  28 U.S.C. §1391(a)(1)

Under former 28 U.S.C. §1391(a)(1), a plaintiff in a diversity case may lay venue in "a judicial district where any defendant resides, if all defendants reside in the same state."  For venue purposes, VP alleges that Newmar is a resident of Indiana and Louisiana and that Spartan is a resident of Michigan and Louisiana.  Under former 28 U.S.C. § 1391(c):

> A defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

A defendant is subject to personal jurisdiction when: (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.  *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). As "the limits of the Louisiana long-arm statute are coextensive with constitutional due process limits," the Court need only consider whether subjecting the parties to personal jurisdiction comports with the Due Process Clause. *Walk Haydel, Inc. v. Coastal Power*

9

*Prod. Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008) (citing *A & L Energy, Inc. v. Pegasus Grp.,* 00-3255 (La. 6/29/01); 791 So. 2d 1266, 1270).

The Fifth Circuit recently explained:

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. *Id.* at 414, 104 S.Ct. 1868 n. 9. Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." Id. at 414, 104 S.Ct. 1868 n. 8.

*Luv n' care, Ltd. v. Insta–Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006) (footnote omitted).

"The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.' " *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). "To confer general jurisdiction, a defendant must have a business presence in the forum state." *Id.* (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999)). "Injecting a product, even in substantial volume, into a forum's 'stream of commerce,' without more, does not support general jurisdiction." *Id.* (citing *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375 (5th Cir. 1987)).

Due process in the specific personal jurisdiction context requires the defendant have "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice." *Luv n' care*, 438 F.3d

at 469 (quoting *Int'l Shoe Co.,* 326 U .S. 310, 316 (1945)). Specific personal jurisdiction is claim-specific. "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim. . . . [T]he Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006).

In determining whether a defendant is subject to specific personal jurisdiction, the Court engages in a three step inquiry. First, the Court must determine "whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002). The "minimum contacts" inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it "reasonably anticipates being haled into court" in the forum state. *Luv n' care*, 438 F.3d at 470 (quoting *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Moncrief Oil*, 481 F.3d at 312 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Second, the Court considers "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." *Nuovo Pignone*, 310 F.3d at 378. This inquiry focuses on the "relationship among the defendant, the forum, and the litigation." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008) (citation omitted).

Third, "[i]f the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise of jurisdiction would be unfair or unreasonable." *Seiferth*, 472 F.3d at 271 (citing *Burger King*, 471 U.S. at 482). In this inquiry the Court analyzes five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv n' care*, 438 F.3d at 473. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *Johnston*, 523 F.3d. at 615 (5th Cir. 2008) (citing *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

To determine whether there is venue in the Eastern District of Louisiana under former 28 U.S.C. § 1391(a)(1), the Court must first determine whether Newmar and Spartan are subject to general or specific personal jurisdiction in Louisiana.  Next, the Court considers whether Newmar's and Spartan's contacts with this district would be sufficient to subject it to personal jurisdiction in this district if this district were a separate state.  The Court will consider Newmar and Spartan separately.

### 1.  Newmar is a Resident of this State and this District

The Court finds that Newmar has continuous and systematic general business contacts in Louisiana such that Newmar is subject to general personal jurisdiction in this state.  Newmar is licensed to do, and does conduct, business in this state, it has an agent for service of process in Louisiana, it maintains authorized Newmar dealerships throughout the state, and it sends authorized repairmen into the state to service its products.  It is clear to the Court that Newmar maintains a continuous business

presence in this state.  The Court also finds that, if this district were a separate state, Newmar would be subject to general personal jurisdiction in this district, as Newmar's continuous and systematic business contacts with this state occur largely within the Eastern District of Louisiana.  Accordingly, for venue purposes, Newmar is a resident of this district under former 28 U.S.C. § 1391(c).

### 2.  Spartan is a Resident of this State and this District

The Court also finds that, even if Spartan is not subject to general personal jurisdiction in this state, Spartan is subject to specific personal jurisdiction in this state, and would be subject to specific personal jurisdiction in the Eastern District of Louisiana if this district were a separate state.  As such, the Court finds that, with respect to venue of this action, Spartan is a resident of this state and this district.  In determining whether Spartan is subject to specific personal jurisdiction in this state, and in turn, in this district, the Court engages in the three-step inquiry described above.

The Court finds that Spartan purposely availed itself of the privilege of conducting business activities in this state and district by maintaining multiple authorized repair and service centers in this district, as well as throughout the state, and by selling its parts nationwide such that it could reasonably anticipate being haled into court in this state and this district.  Although Spartan argues that the shipment of parts nationwide is not sufficient to establish general personal jurisdiction, this argument does not defeat specific personal jurisdiction where other factors are present.  The cases cited by Spartan are inapposite and distinguishable, as they speak solely to questions of general, not specific, personal jurisdiction.  There is no doubt that Spartan injected the specific chassis parts at issue into the nationwide stream of commerce.  Furthermore, Spartan advertises a nationwide presence.   The Court finds it significant in its

jurisdictional analysis that Spartan sent technicians several times to this state and district to attempt to repair the RV's chassis.  While these facts may not be sufficient to establish general personal jurisdiction, they are sufficient to establish specific personal jurisdiction in this case.  *See, e.g. Luv n' care,* 438 F.3d at 470 ("Where a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting that the defendant be amenable to suit in that state."); *see also Silver Dream, LLC v. Yousef Intern., Inc.*, No. 10-4247, 2011 WL 3268347, at *3 (E.D. La. July 28, 2011) (Zainey, J.) (recognizing that "the Fifth Circuit has exercised jurisdiction over foreign manufacturers that introduce a product into the stream of commerce and fail to limit the number of states where the products is sold or neglect to place restrictions on the distribution of the product") (internal citations omitted).

Because Spartan maintains authorized service centers and dealerships in this state and in this district, because Spartan's attempts to repair the RV at authorized service centers occurred in this state and in this district, and because Spartan sent authorized technicians to this state and this district to repair the RV, the Court finds that it has specific personal jurisdiction over Spartan in this district.  As such, the burden shifts to Spartan to show that maintaining this suit here would offend due process.  Spartan has not carried that burden,[17] and the Court finds that maintaining this action in this state and district is fair and reasonable and comports with due process.  Spartan is subject to personal jurisdiction in this state, and in this district, and

---

[17] As explained below, Spartan and Newmar both move to transfer this case because venue in this district is inconvenient.  The Court finds that venue in this district is convenient, and will not transfer this case as requested by Spartan and Newmar.  For essentially the same reasons this case should not be transferred; i.e., the fact that the burden on Spartan of litigating in this district will not be that great, the fact that this state has an interest in this litigation, the fact that VP chose to lay venue here and several sources of proof are located in this state and district, and the fact that litigating this case here will be just as fair, cheap, and expeditious as in any other district – the Court finds that Spartan has not met its burden of establishing that maintaining this action in this district would be unfair or unreasonable.

is thus a resident of the Eastern District of Louisiana for venue purposes under former 28 U.S.C. § 1391(c).

Because Newmar and Spartan are both subject to personal jurisdiction in this state, and would be subject to personal jurisdiction in the Eastern District of Louisiana if this district were a separate state, both are residents of this district for venue purposes. The Court finds that VP's decision to lay venue in this district was proper under former 28 U.S.C. § 1391(a)(1).

### B.  28 U.S.C. § 1391(a)(2)

Even if VP's decision to lay venue in this district were not proper under former § 1391(a)(1), venue would still be proper under former 28 U.S.C. § 1391(a)(2).  Under former § 1391(a)(2), a plaintiff in a diversity case may lay venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  Newmar and Spartan contend that venue does not lie in this district because the operative acts giving rise to VP's claim occurred during the manufacturing process in the Western District of Michigan and the Northern District of Indiana. VP asserts that venue is proper because the property at issue was maintained and used in Louisiana and because repairs were attempted in this state.

VP's claims against Newmar and Spartan are purportedly based on the common law principles of breach of warranty and equity, the Louisiana state law of redhibition, [18]

---

[18] *See* LA. CIV. CODE ANN. art. 2520.  The redhibition cause of action is analogous, but not identical, to the common law breach of implied warranty of fitness for a particular purpose. *See Manning v. Scott-Hixson-Hopkins, Inc.*, 605 So. 2d 233, 235 (La. App. 2 Cir. 1992) (a "redhibitory action is based upon an alleged breach of implied warranty of fitness"); *but see* LA. CIV. CODE ANN. art. 2524, cmt. (c) ("[t]he seller's obligation under this Article is not the common law warranty of fitness").

and "other remedies to which it is entitled under the law."[19]   The RV's defect was discovered in this district, the RV is located in this district, Spartan and Newmar dealerships and repair centers located in this district attempted to repair the RV, and Spartan and Newmar employees made multiple trips to this district to try to repair the RV.   Accordingly, VP's redhibition action, if it has one, arises in part from events or omissions that occurred in this district.   *See LAS Enterprises, Inc. v. Accu-Systems, Inc.*, No. 11-2196, 2011 WL 6697043, at *5 (E.D. La. Dec. 20, 2011) (Lemmon, J.); *see also Gulf States Utilities Co. v. NEI Peebles Elec. Prods., Inc.*, 819 F. Supp. 538, 552 (M.D. La. 1993).   VP's breach of warranty and equity claims also arise in part from events or omissions in this district; that is, the repeated attempted repairs by Newmar and Spartan in this district.

The Court recognizes that venue may be properly laid in more than one district, but the "substantial part of the events or omissions" test contained in former § 1391(a)(2) does not require that the chosen venue be the "best" venue; instead, the selected district must simply have a substantial connection to the claim.   *McClintock v. Sch. Bd. E. Feliciana* Parish, 299 F. App'x. 363, 365 (5th Cir. 2008) (unpublished) (citing David D. Siegel, *Commentary on 1988 and 1990 Revisions of Section 1391*, in 28 U.S.C.A. § 1391 (2006)); *see also Daniel v. American Bd of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) ("Section 1391(a)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred.")

A substantial part of the events giving rise to VP's claims against Spartan and Newmar occurred in this district.   As a result, the Court finds that under former § 1391(a)(2), venue in this district is proper.

---

[19] R. Doc. 1.

### C.  28 U.S.C. § 1391(a)(3)

Under former § 1391(a)(3), a plaintiff in a diversity case may lay venue in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  Former § 1391(a)(3) served as an alternative to (a)(1) and (a)(2), and was available only when there was no other viable district where the action could be brought. The Court has found that VP's decision to lay venue in this district was proper under former § 1391(a)(1) and § 1391(a)(2).  Therefore, former § 1391(a)(3) does not apply.

### D. Spartan's Rule 12(b)(3) Motion to Dismiss is Denied

The Court finds that VP's decision to lay venue in this district was proper under both 28 U.S.C. § 1391(a)(1) and 28 U.S.C. § 1391(a)(2).  As a result, Spartan's motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) is denied.

### III.   Spartan's and Newmar's Motions to Transfer Under 28 U.S.C. § 1404

28 U.S.C. § 1404 provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). Having determined that venue is proper in this district, the Court now considers whether venue in this district is convenient to the parties and witnesses.  Both Spartan and Newmar contend that it is not, and seek to have this case transferred to another district.

A party moving to transfer venue must first demonstrate that the plaintiff could have brought the action in the transferee court initially. See *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960); *In re Volkswagen*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re*

*Volkswagen I*") ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").  The defendant must then show "good cause" for transfer. *In re Volkswagen II*, 545 F.3d at 315; *see also* 28 U.S.C. § 1404(a).

In deciding a transfer motion where multiple venues are proper, the district court must consider the private and public interest factors enunciated in *Gulf Oil Corp v. Gilbert,* 330 U.S. 501, 508 (1947).  *See In re Volkswagen II*, 545 F.3d at 315. The "private interest factors" include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *In re Volkswagen* I, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). The "public interest factors" are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; (4) the avoidance of unnecessary problems of conflict of laws or application of foreign law.  *Id.*  These eight so-called *Gilbert* factors "are appropriate for most transfer cases, [but] they are not necessarily exhaustive or exclusive." *Id.*  Nor is any one factor or combination of factors dispositive. *Id.*

Without deciding the issue, the Court assumes for purposes of Newmar's and Spartan's motions to transfer that venue could have been properly laid in the Northern District of Indiana or the Western District of Michigan.[20]  However, the Court finds that

---

[20] Newmar's motion to transfer seeks to have this action transferred to the Northern District of Indiana, and Spartan's motion to transfer seeks to have this action transferred to either the Northern District of Indiana or the Western District of Michigan.

neither Newmar nor Spartan have carried their burden of showing good cause to transfer this case to either of those districts. The private interest factors in this case are either neutral or weigh in favor of not transferring this case. The sources of proof in this case are located in all three districts; the Eastern District of Louisiana, the Northern District of Indiana, and the Western District of Michigan. Likewise, while some potential witnesses live in the Northern District of Indiana or the Western District of Michigan, others live in the Eastern District of Louisiana. Regardless of the chosen venue, some witnesses will be outside of the court's subpoena power. Similarly, regardless of the chosen venue, the cost of getting willing witnesses to attend will have to be borne by one of the parties. Finally, the Court finds that litigating this case in the Eastern District of Louisiana will be just as easy, cheap, and expeditious as it would be in the Northern District of Indiana or the Western District of Michigan.

The public interest factors are also either neutral or weigh in favor of not transferring this case. VP's claims purportedly arise under Louisiana law, and this Court is more familiar with Louisiana law than the Northern District of Indiana or Western District of Michigan would be. Also, while the citizens of Indiana have an interest in having this matter decided in their state because it involves an Indiana manufacturer, the citizens of Louisiana also have an interest in having this matter decided in this state because the product was used and maintained in this state and repairs were attempted in this state. Similarly, the "court congestion" factor is neutral, as the courts in this district and in the Northern District of Indiana both handle their dockets in a timely and effective manner. Lastly, the avoidance of unnecessary problems of conflicts of laws in the application of foreign law factor is neutral.

The Court finds that defendants have not shown good cause to transfer this case.

While the Northern District of Indiana or the Western District of Michigan may also be convenient venues, VP chose not to lay venue in either, and venue in this district is proper and reasonably convenient. After weighing the *Gilbert* factors, the Court finds that transfer to another venue – one that is no more convenient than this one - is not appropriate under the circumstances.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that Spartan's motion to dismiss be and hereby is **DENIED** to the extent that it has been presented to the Court as a motion to dismiss.

**IT IS FURTHER ORDERED** that Spartan's motion to dismiss shall be considered as a motion for summary judgment and the Court's ruling on the motion for summary judgment be and hereby is **DEFERRED.**

**IT IS FURTHER ORDERED** that Spartan shall file, on or before **December 21, 2012**, a supplemental motion for summary judgment on the issue of arbitration.

**IT IS FURTHER ORDERED** that VP shall file, on or before **January 11, 2013**, any response or opposition to Spartan's supplemental motion on the issue of arbitration.

**IT IS FURTHER ORDERED** that Spartan's motion to dismiss for improper venue be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that the motions for transfer filed by Newmar and Spartan be and hereby are **DENIED.**

**IT IS FURTHER ORDERED** that Spartan and Newmar shall file their respective answers to VP's complaint no later than **December 21, 2012.**

**IT IS FURTHER ORDERED** that the Court will conduct a status conference in this case on **January 17, 2013**, at **10:00 a.m.**  The Court will enter a scheduling order that time.

**New Orleans, Louisiana, this** __12th__ **day of December, 2012.**

_Susie Morgan_
_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**