UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VP, LLC                                                                   CIVIL ACTION
     Plaintiffs

VERSUS                                                 No. 11-2813

NEWMAR CORPORATION and
SPARTAN CHASSIS, INC.,                         SECTION "E"
     Defendant

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendant Spartan Chassis, Inc. ("Spartan") seeking dismissal of VP, LLC's ("VP") claims against it, arguing that the American Arbitration Association has exclusive jurisdiction to resolve any and all of VP's claims against Spartan under the Federal Arbitration Act, 9 U.S.C. § 1 et seq.[1] Plaintiff VP opposes the motion.[2] After plaintiff filed its first amended complaint,[3] Spartan filed a supplemental and amended memorandum in support of its motion for summary judgment.[4]

### FACTUAL AND PROCEDURAL BACKGROUND

VP is a Montana Limited Liability Company formed by Vincent Palumbo. VP purchased a 2008 Newmar Essex Pusher Motor Home Recreational Vehicle (the "RV") from North Trail RV Center in Fort Meyers, Florida. Newmar Corporation ("Newmar") manufactured the RV in Indiana, using a chassis manufactured by Spartan in Michigan.

After discovering several problems with the RV and prior to filing suit, VP initiated

---

[1] R. Doc. 35.

[2] R. Doc. 40.

[3] R. Doc. 45.

[4] R. Doc. 54.

an administrative proceeding in Florida under the Florida Lemon Law (Florida Statute § 681.10 et. seq.) against Newmar and Spartan. However, before arbitration began, VP dismissed the Florida Lemon Law proceedings and brought suit in this court against Newmar and Spartan.

In its complaint, VP claims that the RV is defective. Specifically, in VP's First Amended Complaint, it alleges that the RV suffers from electrical malfunctions and major chassis malfunctions, creating safety concerns in the operation of the RV.[5] VP seeks a return of the purchase price, reimbursement for out of pocket expenses incurred by VP in attempting to repair the RV, loss of use expenses, other economic damages to be proven at trial, and all equitable relief to which VP is entitled.

After purchasing the RV, Vincent Palumbo, representing VP, signed a "Limited Warranty Registration Form" (the "Registration Form"). The Registration Form indicated that, once Spartan received the signed form, it would activate the "Spartan New Product Limited Warranty." The Registration Form also referenced a "Spartan Limited Warranty" and a "Spartan Chassis Limited Warranty." However, the Registration Form made no mention of arbitration and did not state that by signing the Registration Form VP was consenting to arbitration. The Registration Form was mailed to Spartan at its office in Charlotte, Michigan. After receiving the Registration Form, Spartan processed a "Custom Motor Home Chassis Limited Warranty" covering the RV and sent a copy of that warranty, which included an arbitration clause, to VP.

The Custom Motor Home Chassis Limited Warranty included a provision stating, "Any claim or controversy arising out of or relating to this limited warranty, or breach

---

[5]R. Doc. 45.

thereof, shall be settled by arbitration administered by the American Arbitration Association in the State of Michigan in accordance with the Commercial Arbitration Rules of the American Arbitration Association."[6]

In response to VP's suit, Spartan filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), based on the arbitration provision in the Custom Motor Home Chassis Limited Warranty.[7] This Court converted Spartan's motion to dismiss to a motion for summary judgment. The Court deferred ruling, requiring the parties to argue their positions under the correct standard of law with references to competent summary judgment evidence.[8] Spartan now moves for summary judgment to dismiss VP's claims because the Custom Motor Home Chassis Limited Warranty contained a binding arbitration agreement.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the moving party bears the burden of proof on the dispositive issue at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Intl'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951

---

[6] R. Doc. 35-6. The Spartan Custom Motor Home Limited Warranty.

[7] R. Doc. 12.

[8] R. Doc. 29.

(D. Colo. 1991)). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324. The non-moving party cannot simply rely on allegations or blanket denials of the moving party's pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Likewise, an affidavit cannot be used to preclude summary judgment unless its contains competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440

(5th Cir. 2002).

## ANALYSIS

### A. The Federal Arbitration Act and Arbitration Generally

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides that "[a] written provision in any... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction...shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects the overarching principle that "arbitration is a matter of contract." *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 82 (2002). "A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Steelworkers v. Warrior Gulf Nav. Co.*, 363 U.S. 574, 582 (1060). Therefore, in order to prevail in its motion for summary judgment to compel arbitration, Spartan must show that the parties have a valid, enforceable, agreement to arbitrate.

### B. Arguments of the Parties

In support of its motion, Spartan argues that Vincent Palumbo, on behalf of VP, agreed to the mandatory arbitration provision in the Custom Motor Home Chassis Limited Warranty by signing the Registration form, even though the warranty was not included in the Registration Form.[9] Spartan asserts that VP had the opportunity to object to the terms of the Custom Motor Home Chassis Limited Warranty immediately upon receipt of the document but that VP failed to do so, and that this failure to object indicates assent to the arbitration provision.[10] In response, VP claims that the Registration Form did not include

---

[9] *See* R. Doc. 35-1. Spartan's Statement of Undisputed Material Facts ¶ 4, submitted pursuant to Local Rule 56.1.

[10] *Id.*

or otherwise reference an arbitration agreement, and that VP was unaware of and did not consent to the arbitration provision.[11]

It is undisputed that the Registration Form mentioned the "Spartan New Product Limited Warranty," the "Spartan Limited Warranty" and the "Spartan Chassis Limited Warranty" but did not mention the Custom Motor Home Chassis Limited Warranty. The only warranty even available to Vincent Palumbo at the time of the sale and the execution of the Registration Form (on Spartan's website) was the "Spartan Chassis Limited Warranty" mentioned in the Registration Form, but this warranty did not contain an arbitration agreement.[12] No other warranty was available to Vincent Palumbo or brought to his attention at the time he purchased the RV or signed the Registration Form.

### C. Application of the Legal Standard to the Facts

Under Rule 56, Spartan bears the burden of showing there is no genuine issue of material fact (1) as to which form of warranty applies, (2) that the applicable warranty contains an arbitration provision, and (3) that both parties agreed to arbitrate their disputes. In its motion, Spartan pointed to the affidavit of its Director of Consumer Affairs to show that VP executed the Registration Form which then activated the Custom Motor Home Chassis Limited Warranty, and that this warranty contained an arbitration clause.[13] The burden then shifted to VP for it to show that it did not consent to the arbitration provision not merely making "allegations or blanket denials of the moving party's pleadings." *Littlefield*, 268 F.3d 275, 282 (5th Cir. 2001). VP has met its burden by identifying "specific facts that establish[ed] a genuine issue for trial." *Id.* First, VP showed

---

[11] R. Doc. 40; R. Doc. 16-1(A).

[12] R. Doc. 16-1(C).

[13] R. Doc. 35-3 ("Exhibit 1") ¶ 11; R.Doc. 35-6 ("Exhibit 1-C").

there are facts in dispute with respect to whether the Registration Form Vincent Palumbo signed activated the Custom Motor Home Chassis Limited Warranty. In his affidavit, Vincent Palumbo stated that, at the time he signed the Registration Form, the Custom Motor Home Chassis Limited Warranty was not attached to or in any way referenced by the Registration Form.[14] The Registration Form submitted with Spartan's memorandum confirms that the Custom Motor Home Chassis Limited Warranty was not incorporated in the form signed by Vincent Palumbo.[15] Second, Vincent Palumbo stated in his affidavit VP did not consent to arbitrate its disputes with Spartan.[16]

The affidavit and the documents are sufficient for VP to show that there are genuine issues of material fact remaining. *Littlefield*, 268 F.3d at 282. Accordingly, Spartan's motion for summary judgment compelling arbitration is denied.

## CONCLUSION

For all the reasons set forth herein, **IT IS ORDERED** that Spartan's motion for summary judgment be and hereby is **DENIED**.

**New Orleans, Louisiana, this __4th__ day of September, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 16-1(A) ¶ 11.

[15] R. Doc. 35-7 (the Registration Form)

[16] *Id.* ¶ 12.