UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VP, LLC<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 11-2813 |
| NEWMAR CORPORATION and<br>SPARTAN CHASSIS, INC.,<br>    Defendants | SECTION "E" |

### ORDER AND REASONS

Before the Court is a motion to dismiss or alternatively a motion for summary judgment filed by Spartan Chassis, Inc. ("Spartan") seeking dismissal of Newmar Corporation's ("Newmar") cross claim against it.[1] Newmar opposes the motion,[2] and Spartan filed a reply in support of its arguments.[3]

### FACTUAL AND PROCEDURAL BACKGROUND

North Trail RV Center d/b/a Lee County RV Sales of Fort Meyers, Florida ("North Trail") ordered a 2008 Essex Diesel Pusher Recreational Vehicle (the "RV") from Newmar. To assemble the RV, Newmar ordered a chassis from Spartan. Newmar assembled the RV with the Spartan chassis and then sold the RV to North Trail. Then, VP, LLC ("VP") bought the RV from North Trail. VP soon discovered several problems with the RV, including electrical malfunctions and major chassis malfunctions.

VP first initiated an administrative proceeding in Florida under the Florida Lemon Law (Florida Statute § 681.10 et. seq.) against Newmar and Spartan. However, VP dismissed the Lemon Law proceedings before arbitration under Florida law began and

---

[1] R. Doc. 56.

[2] R. Doc. 58.

[3] R. Doc. 64.

brought suit in the Eastern District of Louisiana.

After VP filed suit against Newmar and Spartan, Newmar filed a cross claim against Spartan, claiming that in the event VP obtained a judgment against Newmar, a corresponding judgment should be rendered in Newmar's favor against Spartan. Newmar also claims the purchase order for the chassis included an agreement that Spartan would indemnify Newmar for potential claims arising out of problems with the chassis.

Spartan now moves to dismiss Newmar's claims against it under Rule 12(b)(1), Rule 12(b)(6), or the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. Alternatively, Spartan moves for summary judgment under Rule 56. Spartan contends that (1) its dispute with Newmar is subject to a binding arbitration agreement; (2) Newmar's claims for contribution and tort indemnity are not recognized under Louisiana law; and (3) there is no indemnity agreement between Spartan and Newmar.

Spartan attached the affidavit of Shannon L. Raines and the Arbitration Agreement between Spartan and Newmar to support its motion. Because the Court considered these matters, which are outside the pleadings, the Court dismisses Spartan's motion to dismiss as moot and rules on Spartan's alternative request for summary judgment under Rule 56.

## APPLICABLE LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); FED. R. CIV. P. 56. If the moving party bears the burden of proof on the dispositive issue at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Intl'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324. The non-moving party cannot simply rely on allegations or blanket denials of the moving party's pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Likewise, an affidavit cannot be used to preclude summary judgment unless its contains competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325. Then, the non-moving party "may not rest upon mere allegation or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or

weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

### A. Enforcement of the Arbitration Agreement

Spartan moves for summary judgment compelling arbitration with Newmar on Newmar's cross claim. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides that "[a] written provision in any... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction...shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Courts employ a two-step analysis to determine whether a party may be compelled to arbitrate. First, the Court determines whether the party has agreed to arbitrate the dispute. If the party has agreed to arbitrate, the Court then asks whether any federal statute or policy renders the claims nonarbitable. *JP Morgan Chase & Co. v. Conegie*, 492 F.3d 596, 598 (5th Cir. 2007). Neither party argues that a federal statute or policy would bar arbitration in this case, therefore the issue before the Court is limited to whether the parties agreed to arbitrate.

Section 1(b) of the Arbitration Agreement attached to Spartan's motion provides that either Spartan or Newmar may initiate the dispute resolution process:

"(I) upon receiving a Consumer Complaint regarding a Recreational Vehicle. For purposes of this Agreement, a 'Consumer Complaint' is a complaint received by either [Spartan] or [Newmar] from a Consumer concerning a Recreational Vehicle that is presently eligible or could become eligible in the future for the initiation of a lemon law action, based upon the lemon law statute of the state(s) having jurisdiction over the matter (e.g. the lemon law rights period has not expired), that the recipient reasonably determines will likely lead to arbitration before a state lemon law board or litigation if not promptly resolved;

(ii) following settlement of a Consumer Complaint by [Spartan] or [Newmar];

(iii) following arbitration or litigation of a Consumer Complaint that resulted in a damage award against [Spartan] or [Newmar], or both; or

(iv) to resolve any other product related controversy or dispute (hereinafter "Dispute") between [Spartan] and [Newmar] that has not previously arbitrated or litigated, provided, however, in the event of a Dispute, there shall only be an arbitration hereunder if both [Spartan] and [Newmar] agree to arbitrate the matter."[4]

In its statement of material facts Spartan says the parties entered into an agreement to arbitrate all "consumer complaints" under the arbitration agreement.[5] Spartan asserts that Newmar's claim against Spartan involves a "consumer complaint" under Subsection 1(b)(I) of the arbitration agreement and therefore must proceed to arbitration.[6] Subsection 1(b)(I) defines a consumer complaint as one that will likely lead to litigation if not promptly resolved. This case, filed in 2011 and set for trial in about two months, did not fit within that definition when Spartan filed its motion on February 21, 2013. If Spartan wishes to initiate the dispute resolution process based on this subsection, it should have done so before VP initiated the administrative process under the Florida lemon law.

Because this matter is not a consumer complaint under Subsection 1(b)(I), the only

---

[4]R. Doc. 58-3 (Exhibit 1-A)

[5]R. Doc. 56-4 (Spartan's L.R. 56.1 Statement of Undisputed Facts)

[6]R. Doc. 56-1 (Spartan's Memorandum in Support)

other possibility is that it is a "Dispute" defined under Subsection 1(b)(iv). Under Subsection 1(b)(iv), there shall be arbitration of such a Dispute only if both Spartan and Newmar agree. Spartan's Statement of Undisputed Material Facts claims it is an undisputed fact that "Newmar and Spartan agreed to submit any and all consumer complaints to binding arbitration."[7] In its "Statement of Material Facts Which Newmar Contends Present a Genuine Issue," Newmar disputes Spartan's interpretation of the Arbitration Agreement and claims that it did not agree to arbitrate this dispute.[8] At the very least, a factual dispute exists with respect to whether Newmar consented to arbitrate this matter. Spartan's motion for summary judgment compelling arbitration must be denied.

**B. Indemnification Claims**

Spartan's motion for summary judgment also seeks dismissal of Newmar's cross claim for indemnity because Newmar's claim is not recognizable under the facts. At the trial of this case, Newmar will have the burden of proving its claim for indemnity against Spartan. In a motion for summary judgment, the moving party normally bears the burden of pointing to evidence showing the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 325. However, because Newmar bears the burden of proving its claim for indemnity at trial, Spartan, as the moving party, may discharge its burden by showing an absence of evidence to support Newmar's claim. *See Celotex*, 477 U.S. at 325. After the moving party discharges its burden, the nonmoving party "may not rest upon mere allegation or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (1986).

---

[7] R. Doc. 56-4 (Spartan's L.R. 56.1 Statement of Undisputed Facts)

[8] R. Doc. 58-2 (Newmar's L.R. 56.2 Statement of Material Facts Which Newmar Contends Present a Genuine Issue)

Spartan argues that Newmar's claim for indemnity is not recognized under current Louisiana tort law. Because Newmar has failed to produce a purchase order containing the contractual indemnity agreement upon which Newmar's rests its cross claim, Spartan argues there is an absence of evidence to support Newmar's claim for contractual indemnity. Spartan has met its burden and the burden shifts to Newmar to point to "affirmative evidence" to defeat Spartan's motion for summary judgment. *Id.* Newmar's opposition attaches the affidavit of Steve Klotz who states that the purchase was made under purchase order terms and conditions of long standing and that these terms and conditions contain an obligation for Spartan to indemnify Newmar.[9] Although the exact purchase order has not been located, Steve Klotz's affidavit is sufficient to demonstrate that there is a genuine issue of material fact for trial with respect to whether Spartan agreed to indemnify Newmar. Newmar has met its burden of pointing to specific facts creating a genuine issue for trial, thereby defeating Spartan's motion for summary judgment dismissing Newmar's claim for indemnity.

## CONCLUSION

Spartan has failed to show that there are no genuine issues of material fact regarding the arbitration agreement or the indemnification agreement.

For all the reasons set forth herein, **IT IS ORDERED** that Spartan's motion for summary judgment be and hereby is **DENIED**.

**New Orleans, Louisiana, this __6th__ day of September, 2013.**

                                              *Susie Morgan*
                                              **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. 58-1 ("Exhibit 1").